## Henry M. Seligman, Defendant in Error, v. Louis Greenberg, Plaintiff in Error.

### Gen. No. 18,243.

NEGOTIABLE INSTRUMENTS—*where verdict is sustained.* Where plaintiff, an attorney, obtains judgment on a check, indorsed and delivered to him by the payee for collection, the defense being gaming, and it does not appear that the verdict is manifestly against the weight of the evidence, the judgment is affirmed.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 12, 1913.

HERMAN FRANK and HARRY J. LURIE, for plaintiff in error.

HENRY M. SELIGMAN, *pro se.*

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

The plaintiff, Henry M. Seligman, brought suit in the Municipal Court of Chicago against Louis Greenberg, defendant, to recover money due on a certain check for $200, dated February 4, 1908, signed by the defendant, drawn on the First National Bank of Chicago, payable to the order of Max Gage and by him indorsed to the plaintiff. It appeared that the check had been indorsed and delivered to the plaintiff for the purpose of collection, that plaintiff had no interest in the check except as attorney for said Gage, and that plaintiff admitted that any defense that might be good as against said Gage would be good as against plaintiff. The defendant claimed that the check was executed and delivered to said Gage in settlement of losses sustained by defendant while playing a game of cards, commonly called poker, with said Gage and

others on the day of the date of the check, and that the check was void under the provisions of section 131 of chapter 38 of the Illinois statutes. The plaintiff claimed that the check was executed and delivered by the defendant to Max Gage in consideration of the sum of $200 in currency actually loaned by said Gage to the defendant at the latter's request. The case was tried by a jury. They returned a verdict for $200 in favor of plaintiff and judgment was entered thereon, which judgment the defendant by this writ of error seeks to reverse.

No good purpose would be served by a discussion of the conflicting testimony of the witnesses offered by the respective parties. Suffice it to say, that after reviewing the same we cannot say that the verdict is manifestly against the weight of the evidence. Nor do we think, in view of the evidence, that the verdict and judgment are contrary to the law, as urged by defendant's counsel. The judgment is accordingly affirmed.

*Affirmed.*